**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  5:25-CV-00924** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **UNOPENED SUCCESSION OF BETHEIA L MORRIS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 5] filed by Plaintiff, United States of America ("the United States"). Defendant, Unopened Succession of Betheia L Morris ("Morris"), did not file an opposition.

For the reasons set forth herein, the United States' Motion for Summary Judgment is **GRANTED**.

## I.    Background

Betheia L. Morris executed and delivered to MetLife Home Loans a Fixed Rate Note ("Note"), dated June 25, 2009, for a Home Equity Conversion Loan (the "Loan").[1] Simultaneously, Morris executed and delivered to the United States Department of Housing and Urban Development ("HUD") a Fixed Rate Second Note ("Second Note") for the Loan.[2] The Loan was made under HUD's Home Equity Conversion Mortgage loan program, a reverse mortgage program that does not require the borrower to make monthly or other periodic payments to repay a loan.[3] Under this program, HUD

---

[1] [Doc. No. 5-1, p. 1]; [Doc. No. 1-1].
[2] [Id.].
[3] [Doc. No. 5-1, p. 1].

Page **1** of **7**

insurers reverse mortgages originated by private lenders.[4] The Loan balance increases over time and does not become due and payable until the parties who signed the mortgage are deceased or have vacated the premises for a period of one year.[5]

Morris promised, in paragraph 2 of the Note, to pay a principal amount equal to the sum of all loan advances together with interest starting at the rate of 5.560% per annum.[6] Concurrently with the execution and delivery of the Note, and for the purpose of securing payment of the Note, Morris executed, acknowledged, and delivered to MetLife Home Loans a Fixed Rate Home Equity Conversion Mortgage, and to HUD a Fixed Rate Equity Conversion Second Mortgage.[7] Both were filed in the Office of the Clerk of Court and Recorder for Caddo Parish, Louisiana, on July 8, 2009, respectfully under Registry Number 2237904, in Mortgage Book 4912, Page 32, and Registry Number 2237916, in Mortgage Book 4912, Page 42.[8]

The Mortgages constitute valid mortgages upon the Subject Property described therein as:

> ALL THAT PARCEL OF LAND IN TOWNSHIP OF VIVIAN, CADDO PARISH, STATE OF LOUISIANA, BEING DESCRIBED AS COMMENCING AT THE NORTHWEST CORNER OF SECTION 23, TOWNSHIP 22 NORTH, RANGE 16 WEST, CADDO PARISH, LOUISIANA, RUN THENCE NORTH 89 DEGREES 15 MINUTES EAST, FOR A DISTANCE OF 200.00 FEET, THENCE SOUTH 19 DEBREES 00 MINUTES EAST, 149.2 FEET, THENCE SOUTH 82 DEGREES 12 MINUTES WEST, 252.4 FEET, THENCE RUN NORTH A DISTANCE OF 172.5 FEET, TO THE POINT OF

---

[4] [Id.].
[5] [Id. at pp. 1–2].
[6] [Id. at p. 2]; [Doc. No. 1-1].
[7] [Doc. No. 5-1, p. 2]; [Doc. No. 1-2].
[8] [Id.].

BEGINNING AND CONTAINS 0.81 ACRES MORE OR LESS, LESS AND EXCEPT ROAD.[9]

The Mortgage held by MetLife Home Loans was assigned to Champion Mortgage Company by that certain Notarial Endorsement and Assignment of Mortgage Note, dated July 10, 2012, and filed into the record on August 13, 2012, in the Office of the Clerk of Court and Recorder for Caddo Parish, Louisiana, under Registry Number 2417446, Book 5401, Page 198.[10]

Morris died on February 27, 2024, while a resident of Vivian, Louisiana.[11] Written notice of intent to foreclose and accelerate the Mortgage balance, dated May 28, 2024, was mailed to the Estate of Betheia L. Morris and addressed to the Subject Property pursuant to paragraph 8 of the Note and paragraph 16 of the Mortgage.[12] The Court appointed Curator, Charles H. Heck, Jr., ("Mr. Heck") to represent the Unopened Succession of Betheia L. Morris, as there have been no proceedings for the administration of succession of Morris opened, and her succession had not been judicially accepted by her heirs pursuant to Louisiana Code of Civil Procedure Article 5091A(2)(a).[13] Mr. Heck filed an Answer to the United States' complaint on November 17, 2025, denying all allegations in the complaint due to lack of sufficient information to justify belief.[14] Mr. Heck sent a copy of the citation and pleadings via certified mail

---

[9] [Doc. No. 5-1, p. 2]; The description of the property was not included in the initial filing of the mortgage under Registry Number 2237904. On March 8, 2010, a Scrivener's Affidavit was filed attaching the legal description to the mortgage, bearing Registry Number 2275936, in Mortgage Book 5009, Page 80.
[10] [Id. at p. 3]; [Doc. No. 1-4].
[11] [Doc. No. 5-1, p. 3].
[12] [Id.]; [Doc. No. 1-5].
[13] [Doc. No. 5-1, p. 3].
[14] [Doc. No. 4].

to the last known address for the decedent, but the package was returned due to the property being vacant and unable to be forwarded.[15] Mr. Heck also placed an advertisement seeking the whereabouts of any of the heirs of Morris in the Shreveport Times on October 5, 2025, and it ran through October 12, 2025.[16] Despite Mr. Heck's efforts, he has not been contacted further regarding the matter.[17] On April 15, 2026, the United States filed the instant Motion.[18]

The parties briefed all relevant issues, and the matter is ripe for ruling.

## II.    Law and Analysis

### A.    Standard of Review

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including

---

[15] [Id. at pp. 1–2].
[16] [Doc. No. 4-2].
[17] [Doc. No. 4, p. 2].
[18] [Doc. No. 5].

Page **4** of **7**

identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no opposition. *Swafford v. Experian Info. Solutions, Inc.*, No. 18-CV-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Still, this Court is not required to search the record for materials in support of the nonmovant's claim. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

### B.    Merits

Pursuant to Title 12, United States Code, Section 1713(k), the National Housing Authority confers upon the Secretary of HUD the power to initiate foreclosure proceedings on property covered by a federally insured mortgage. *See* 12 U.S.C. § 1713(k). HUD authorizes its Secretary to "foreclose on any property or commence any action to protect or enforce any right conferred upon him by any law, contract, or other agreement." 42 U.S.C. § 3535(i)(1).

Based on the undisputed record in this matter, all requirements are met for the United States to foreclose on the property and recover the debt. *See U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2011). The Note evidences that Morris signed

the Note.[19] The record shows that HUD is the present holder of the Note.[20] Finally, the Certificate of Indebtedness and Notice of Intent to Foreclose demonstrate that the Notes are in default.[21] Additionally, the United States seeks to enforce its rights in this action *in rem* only.[22] It does not assert a right to recover a claim against any party or person *in personam*.[23] The record establishes that after allowing for all payments and other credits as of July 12, 2024, there remains a past due sum owed under the Note of $125,186.77, plus additional interest on the principal balance of $45,326.13 at the fixed rate of 5.560%.[24] Interest has been accruing after July 26, 2024, at the rate of $20.78 per day.[25]

### III.    Conclusion

For these reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED**, that the United States's unopposed Motion for Summary Judgment [Doc. No. 5] is hereby **GRANTED**. The United States may foreclose on Morris' property to enforce the rights conferred upon it by law.

**IT IS FURTHER ORDERED** that Defendant's counsel, Mr. Heck, shall be paid the sum of $1,350.00 in attorney's fees (representing 4.5 hours of work at $300.00 per hour) and $176.34 in expenses incurred in the representation of the Unopened

---

[19] [Doc. No. 1-1].
[20] [Id.]; [Doc. No. 1-3].
[21] [Doc. No. 1-5]; [Doc. No. 1-6].
[22] [Doc. No. 5-1, p. 5].
[23] [Id.].
[24] [Doc. No. 1-6].
[25] [Id.].

Succession of Betheia L. Morris, with said amounts to be paid from the proceeds of the sale of the Subject Property.

**IT IS FURTHER ORDERED** that Defendant's counsel be discharged from his appointment as attorney for the Unopened Succession of Betheia L. Morris upon rendition of Judgment herein.

MONROE, LOUISIANA, this 21st day of May 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE